IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  05-cv-00266-LTB-PAC

VLADIMIR KARSAEV,

        Petitioner,

v.

MICHAEL CHERTOFF,
ALBERTO GONZALES,
DOUGLAS MAURER,
ASA HUTCHINSON,
MICHAEL GARCIA,
UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
IMMIGRATIONS AND CUSTOMS ENFORCEMENT, and
DIRECTORATE OF BORDER AND TRANSPORTATION SECURITY,

        Respondents.

_____

ORDER
_____

    This matter is before me on Petitioner's Request for EAJA Attorney Fees.  I deny the request for the following reasons.

**I.  Background**

    Petitioner commenced this lawsuit with the filing of a Petition for a Writ of Habeas Corpus and Emergency Request for Temporary Stay of Removal on February 9, 2005 wherein he requested this Court's intervention to prevent his immediate deportation to Belarus based on a decision by the Board of Immigration Appeals ("BIA") that Petitioner was not entitled to asylum in the United States and to require the BIA to reopen his case.  Shortly thereafter, the Court granted the parties' Joint Motion to Stay Proceedings wherein they requested that the case be held in

abeyance until the BIA ruled on a request to reopen Petitioner's asylum case that was pending before it. After the BIA granted Petitioner's request, the parties filed a Joint Motion to Dismiss, and this case was dismissed by Order dated July 11, 2005. However, after the United States Department of Homeland Security ("DHS") requested that the BIA reconsider its decision to reopen his asylum case, Petitioner moved to vacate the order of dismissal and to re-institute his habeas corpus proceedings. This motion was granted by Order dated March 13, 2006. Since that time, the only activity that has occurred in this case is the filing of Petitioner's Request for EAJA Attorney Fees wherein he requests an award of attorney fees and costs in the amount of $27,867.74. In the related administrative proceedings, the BIA granted a second motion by the DHS to reconsider the reopening of Petitioner's asylum case but nonetheless remanded the case for a new hearing on Petitioner's claim for asylum before an Immigration Judge ("IJ").

## II. Analysis

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). The first question then in determining Petitioner's entitlement to attorney fees under the EAJA is whether he was the "prevailing party" in this lawsuit.

To be a "prevailing party" under the EAJA, a litigant must obtain a judgment on the merits or a court-ordered consent decree that causes a judicially sanctioned change in the material relationship of the parties. *Buckhannon Bd. & Home Care, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 604 (2001). This Court never issued any ruling relating to the

merits of Petitioner's claims and therefore played no role in altering the relationship between Petitioner and Respondents. Nonetheless, Petitioner argues that he is the prevailing party in this lawsuit because he achieved the results he was seeking when the BIA reopened his asylum case and remanded it to the IJ for further proceedings. This argument must fail, however, because it is predicated on the "catalyst theory" which was expressly rejected by the Supreme Court in *Buckhannon*. Specifically, the Supreme Court held that the term "prevailing party" as utilized in federal fee-shifting statutes does not include parties who achieved the desired result of their lawsuit based solely upon a voluntary change in a party's conduct. *Id.* at 600. *See also Scherer v. United States,* 88 Fed. Appx. 316, 320 (10th Cir. 2004) (recognizing that Supreme Court's rejection of the "catalyst theory" in *Buckhannon* is applicable to claims for attorney fees under the EAJA). The fact that the BIA's decision to remand Petitioner's asylum case to the IJ for further proceedings was independent of any action taken by this Court distinguishes this case from those cited by Petitioner where attorney fees were awarded in asylum cases that were remanded to the BIA by the federal appellate courts. *See e.g. Rueda-Menicicci v. I.N.S.,* 132 F.3d 493 (9th Cir. 1997).

     Based on the foregoing, I conclude that Petitioner is not a "prevailing party" in this case and cannot be awarded attorney fees pursuant to the EAJA. It is therefore unnecessary for me to address whether the government's position was substantially justified or whether special circumstances would render an award of attorney fees unjust.

Accordingly, it is ORDERED that Petitioner's Request for EAJA Attorney Fees [Doc. #27] is DENIED.

Dated: December   19  , 2006 in Denver, Colorado.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, CHIEF JUDGE